UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HERBERT H. JURIST, SUSAN JOHNSON,
LINDA JURIST, ALENA WALTERS,
ROBERT SLAWSKI, and STEVE WALTER,

                Plaintiffs,                        **REPORT & RECOMMENDATION**
                                                                    19 CV 3762 (MKB)(LB)

   -against-

THE LONG ISLAND POWER AUTHORITY,
THE POWER AUTHORITY OF THE STATE OF
NEW YORK, ERIK KULLESEID, *Commissioner
of the New York State Office of Parks, Recreation,
and Historic Preservation*, THE NEW YORK
STATE OFFICE OF PARKS, RECREATION, AND
HISTORIC PRESERVATION, THE NEW YORK
STATE DEPARTMENT OF ENVIRONMENTAL
CONSERVATION, *NYS DEC*, BASIL SEGGOS,
*Commissioner of the NYS DEC*, THE BUREAU
OF OCEAN ENERGY MANAGEMENT, THE
NEW YORK STATE DEPARTMENT OF STATE,
and THE NEW YORK STATE ENERGY
RESEARCH AND DEVELOPMENT AUTHORITY,

                Defendants.
-------------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      This *pro se* case was removed to this Court on June 27, 2019 and referred to me for all pretrial purposes. In accordance with 28 U.S.C. §636(b)(1)(B), it is respectfully recommended that plaintiff's motion to remand, ECF No. 9, should be denied.[1]

---

[1] See Williams v. Beemiller, Inc., 527 F.3d 259, 266 (2d Cir. 2008) ("a remand order is the functional equivalent of an order to dismiss" and thus is "dispositive . . . and can only be entered by district courts." (citation omitted)).

## BACKGROUND

Nine *pro se* plaintiffs commenced this action on June 7, 2019 in Nassau County Supreme Court. [2] That same day, plaintiffs filed an amended notice of petition and summons, noting an Article 78 hearing was scheduled for July 11, 2019. On June 27, 2019, the Bureau of Ocean Energy Management ("BOEM") removed this action to this Court pursuant to U.S.C. §§ 1441 and 1442(a)(1). ECF No. 1. On June 30, 2019 plaintiff Alena Walters filed a letter, pointing out the notice of removal included language regarding the Federal Tort Claims Act ("FTCA") and a request for money damages, neither of which had been pled by plaintiffs. BOEM filed an amended notice of removal on July 10, 2019, deleting reference to the FTCA and section 1442(a)(1) as a ground for removal. Plaintiff Alena Waters[3] filed another letter opposing removal on July 23, 2019. ECF No. 9. The Court construes the July 23, 2019 letter opposing removal as a motion to remand.

The Court held an initial conference on August 6, 2019. After discussing plaintiffs' claims on the record, most of which arise under state law, the Court suggested that plaintiffs consider withdrawing their claims against BOEM, in which event the case would be remanded to state court on the remaining parties' consent. Plaintiffs were directed to file a letter stating whether they would voluntarily discontinue their claims against the only federal defendant BOEM by August 23, 2019. On August 23, 2019, plaintiffs advised the Court that they do not wish to "withdraw or dismiss any claims against BOEM or against other parties in favor of BOEM for which BOEM is a necessary party." ECF No. 39.

---

[2] Six *pro se* plaintiffs remain. Plaintiffs Donald Powers, Marie Ryan, and Lawrence Ryan have voluntarily discontinued their claims. ECF Nos. 25, 39.
[3] Plaintiff has been advised that she can only represent herself in this action. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991) (28 U.S.C. § 1654 "does not allow for unlicensed laymen to represent anyone else other than themselves.") (internal citations omitted).

## DISCUSSION

Plaintiffs seek to remand this action to the Supreme Court of the State of New York, County of Nassau, pursuant to 28 U.S.C. § 1447(c) arguing that the amended notice of removal is defective. ECF No. 9.

A motion to remand a case that has been removed to federal court may be based on either a defect in the removal procedure, such as failure to remove within the statutory thirty-day time period, or a defect in federal jurisdiction. See 28 U.S.C. § 1447(c). A district court is required to remand a case "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" Cuomo v. Dreamland Amusements, Inc., Nos. 08 Civ. 6321, 08 Civ. 7100, 2008 WL 4369270, at *2 (S.D.N.Y. Sept. 22, 2008) (quoting 28 U.S.C. § 1447(c)).[4] The burden of proof to establish that removal to federal court was proper falls upon the removing party. See Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004). Further, "[a]s the Second Circuit has repeatedly cautioned, '[s]ince most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, [courts] must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel.'" De Masi v. Countrywide Home Loans, Inc., No. 08 Civ. 546, 2009 WL 111598, at *1 (S.D.N.Y. Jan. 12, 2009) (second and third alteration in De Masi ) (quoting Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002)).

Removal of this action is proper under 28 U.S.C. § 1442(a)(1). Under this statute, a civil suit filed in state court against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under

---

[4] The Clerk of Court shall send plaintiff Alena Walters the attached copies of all the unreported cases cited herein.

color of such office," may be removed by the defendant to federal court. 28 U.S.C. § 1442(a)(1). A case removed under this statute falls within the federal court's federal question jurisdiction as long as "the removing defendant (1) is a federal agency or officer, or acted under the direction of one; (2) has a colorable federal defense; and (3) can establish a causal connection between the conduct in question and the federal directive." Donohue v. CBS Corp., No. 17 Civ. 7232, 2017 WL 5713222, at *2 (S.D.N.Y. Nov. 27, 2017); Moreland v. Van Buren GMC, 93 F. Supp. 2d 346, 352 (E.D.N.Y. July 23, 1999) (finding removal by the Merchant Marine Academy and Department of Transportation proper under 1442(a)(1)).

Here, plaintiffs plead claims against a federal agency under a number of federal laws, including the National Historic Preservation Act, the National Environmental Policy Act, See Compl., ECF No. 1-1 at ¶¶ 298–351; ¶¶ 380–431, the Land and Water Fund Conservation Act, the Coastal Barriers Resources Act, and the Coastal Zone Management Act. Id. at ¶¶ 19–47; ¶¶ 194–235; ¶¶ 262–297. BOEM is a federal agency, and plaintiff's claims for declaratory and injunctive relief implicate BOEM's official authority. While plaintiffs argue that 1442(a)(1) is inapposite as it only relates to suits performed "under color of such office," See Mt. to Remand at 3, Courts have questioned how "a federal agency– . . . as opposed to a federal official– can act in any way but "under color" or "officially."" Moreland, 93 F. Supp. 2d at 352.[5]

After Moreland, the Sixth Circuit Court of Appeals addressed removal by a federal agency in Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d 380, 389–91 (6th Cir. 2007). There, the Sixth Circuit analyzed section 1442(a)(1) and its legislative history and held that a federal agency can always remove under section 1442(a)(1) because the colorable defense requirement and the "act under color of such office" applies only to federal officers as opposed to

---

[5] The Moreland Court cited the "dearth of authority" regarding removal by a federal agency. Moreland, 93 F. Supp. 2d at 352.

the United States or Federal Agencies." [6] Id. Since Cookeville, several districts have followed the Sixth Circuit's guidance regarding Section 1442(a)(1). See Jax Leasing, LLC v. Xiulu Ruan, 359 F. Supp. 3d 1129 (S.D. Ala. 2019) (relying on the Sixth Circuit's guidance in denying plaintiff's motion to remand where the United States removed the action to federal court); Cox v. Hegvet, No. 08 Civ. 415, 2009 WL 1407009, at *4 (D. Idaho May 19, 2009) (relying on the Sixth Circuit's guidance in finding that the United States Bureau of Land Management properly removed the action to federal court under 28 U.S.C. § 1442(a)(1)).

As plaintiffs' complaint pleads claims against a federal agency under a number of federal laws, the Court should find that removal was proper under 28 U.S.C. § 1442(a)(1) and plaintiffs' motion to remand this action to state court should be denied.

## CONCLUSION

Accordingly, it is respectfully recommended pursuant to 28 U.S.C. §636(b)(1)(B) that plaintiffs' motion to remand should be denied.

---

[6] No Second Circuit case addresses the "act under of color of such office" language in 28 U.S.C. § 1442(a)(1).

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

                                                                                                     /S/  
                                                                                               LOIS BLOOM  
                                                                                         United States Magistrate Judge

Dated: October 4, 2019  
        Brooklyn, New York