UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

HERBERT H. JURIST, SUSAN JOHNSON,
DONALD POWERS, ALENA WALTERS, LINDA
JURIST, ROBERT SLAWSKI and STEVE
WALTER,

                      Plaintiffs,

                      v.

THE LONG ISLAND POWER AUTHORITY,
THE POWER AUTHORITY OF THE STATE OF
NEW YORK, ERIK KULLESEID,
COMMISSIONER OF THE NEW YORK STATE
OFFICE OF PARKS RECREATION AND
HISTORIC PRESERVATION, THE NEW YORK
STATE OFFICE OF PARKS RECREATION AND
HISTORIC PRESERVATION, THE NEW YORK
STATE DEPARTMENT OF ENVIRONMENTAL
CONSERVATION ("NYS DEC"), BASIL
SEGGOS, COMMISSIONER OF NYS DEC, THE
BUREAU OF OCEAN ENERGY
MANAGEMENT, THE NEW YORK STATE
DEPARTMENT OF STATE and THE NEW
YORK STATE ENERGY RESEARCH AND
DEVELOPMENT AUTHORITY,

                      Defendants.

**MEMORANDUM & ORDER**
19-CV-3762 (MKB) (LB)

-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiffs Herbert H. Jurist, Susan Johnson, Donald Powers, Alena Walters, Linda Jurist, Robert Slawski, and Steve Walter,[1] proceeding *pro se*, commenced the above-captioned action on June 3, 2019 in the New York Supreme Court, Nassau County, against Defendants the Long

---

[1] By letter dated August 12, 2019 (the "August 2019 Letter"), Plaintiffs Lawrence Ryan and Marie Ryan informed the Court of their intent to withdraw from the case. (Aug. 2019 Letter, Docket Entry No. 25.) By Order dated August 22, 2019, the Court granted the request and terminated them from the case. (Order dated Aug. 22, 2019.)

Island Power Authority, the Power Authority of the State of New York, Commissioner of the New York State Office of Parks and Recreation and Historic Preservation Erik Kulleseid, the New York State Office of Parks and Recreation and Historic Preservation, the New York State Department of Environmental Conservation ("NYS DEC"), Commissioner of NYS DEC Basil Sagos, the New York State Department of State, and the New York State Energy Research and Development Authority (collectively, the "State Defendants"), and the Bureau of Ocean Energy Management ("BOEM"). (Notice of Removal ¶ 1, Docket Entry No. 1.) On June 27, 2019, BOEM removed the action to the Eastern District of New York. (*Id.*) Plaintiffs assert claims under various state and federal laws in connection with the construction of an Energy Education Center in Jones Beach State Park. (Verified Pet. & Compl. ("Compl.") ¶¶ 1–3, annexed to Notice of Removal as Ex. A, Docket Entry No. 1-1.)

On July 11, 2019, Walters moved to remand the case to state court. (Pl. Mot. to Remand ("Pl. Mot."), Docket Entry No. 9.) BOEM opposes the motion. (BOEM Opp'n to Pl. Mot. ("BOEM Opp'n"), Docket Entry No. 16.) The State Defendants take no position on the motion. (*See* State Defs. Resp. to Pl. Mot. ("State Defs. Resp."), Docket Entry No. 15.) On August 5, 2019, the Court referred the motion to Magistrate Judge Lois Bloom for a report and recommendation. (Order dated Aug. 5, 2019.) By report and recommendation dated October 4, 2019, Judge Bloom recommended that the Court deny the motion (the "R&R"). (R&R, Docket Entry No. 43.) Walters objected to the R&R, and BOEM responded. (Pl. Obj. to R&R ("Pl. Obj."), Docket Entry No. 44; BOEM Opp'n to Pl. Obj. ("BOEM Opp'n to Pl. Obj."), Docket Entry No. 48.)

For the reasons set forth below, the Court adopts the R&R and denies the motion to remand.

## I. Background

On June 3, 2019, Plaintiffs commenced an action in the New York Supreme Court, Nassau County, against various state agencies and officials, as well as BOEM. (*See generally* Compl.) Plaintiffs' claims arise in connection with the construction of an Energy Education Center in Jones Beach State Park. (*Id.* ¶¶ 1–3.) Plaintiffs assert claims under various federal laws — specifically, the Land and Water Conservation Act, the Coastal Barrier Resources Act, the Coastal Zone Management Act, the National Environmental Policy Act ("NEPA"), and the National Historical Preservation Act (the "NHPA"). (*Id.* ¶¶ 19–47, 194–235, 262–351, 380–431.) In addition, Plaintiffs assert various state law claims, including violations of the State Environmental Quality Review Act, the Tidal Wetlands Act, and the State Historical Preservation Act, as well as state common law claims for breach of public land trust and parkland alienation and public nuisance. (*Id.* ¶¶ 48–193, 236–61, 352–415, 432–75.) As to BOEM, the only federal defendant named in the Complaint, Plaintiffs allege violations of NEPA and the NHPA. (*Id.* ¶¶ 282–97, 298–351, 416–31.)

On June 27, 2019, BOEM filed a Notice of Removal of the action to this Court, asserting that the action could be removed to federal court pursuant to 28 U.S.C. §§ 1441(a) and 1442(a)(1). (Notice of Removal ¶ 8.) In support, BOEM alleged that it "is an agency within the United States Department of the Interior ('DOI'), a federal agency of the United States of America," and that "[b]ecause Plaintiffs seek declaratory and injunctive relief as a result of alleged 'acts' of the DOI and/or an 'officer . . . of the United States,' this action may be removed pursuant to [section 1442(a)(1)]." (*Id.* ¶¶ 5–6.) By letter dated July 3, 2019 (the "July 3, 2019 Letter"), Walters opposed removal, and noted, *inter alia*, that BOEM had incorrectly alleged that Plaintiffs asserted claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C.

3

§§ 1346(b)(1), 2671–80. (July 3, 2019 Letter 3, Docket Entry No. 5; Notice of Removal ¶ 5.) [2]

On July 10, 2019, BOEM filed an Amended Notice of Removal, acknowledging Walters' "letter . . . objecting to the removal, in part, because the removal notice cited an inapplicable statutory basis for removal." (Am. Notice of Removal ¶ 10, Docket Entry No. 7.) BOEM asserted that "notwithstanding the ministerial error [in paragraph five of the initial Notice of Removal], removal . . . is [proper] because this Court has original jurisdiction over actions brought, *inter alia*, against the United States as a defendant and mandamus actions against the United States and its agencies," and thus "[p]ursuant to 28 U.S.C. § 1441(a), this action may be removed" to federal court. (*Id.* ¶¶ 11–12.) In a footnote, BOEM noted that section 1441(a) "was cited as a basis for removal in the . . . initial notice of removal." (*Id.* ¶ 12 n.1.) Unlike the initial Notice of Removal, the Amended Notice of Removal did not explicitly invoke section 1442(a)(1). (*See generally id.*) On July 11, 2019, Walters filed another letter opposing removal, which Judge Bloom later construed as a motion to remand. (*See* Pl. Mot.; Order dated July 23, 2019, Docket Entry No. 12.)

By Order dated February 14, 2020 (the "February 2020 Order"), the Court noted that "the Amended Notice of Removal did not invoke section 1442(a)(1) as a grounds for removal, and [that] section 1441(a) is not a proper basis for removal where the other defendants did not consent to removal." (Feb. 2020 Order.) The Court directed BOEM to provide supplemental briefing as to whether the Court could consider the original Notice of Removal in deciding the motion to remand, or was limited to the basis for removal raised in the Amended Notice of Removal. (*Id.*) By letter dated February 21, 2020, in response to the February 2020 Order,

---

[2] Because the July 3, 2019 Letter is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

4

BOEM argued that while the Court could consider the original Notice of Removal, the Amended Notice of Removal on its own "sets forth a sufficient basis for removal under section 1442(a)(1)." (BOEM Suppl. Br. ("Suppl. Br.") 1, Docket Entry No. 49.)

II. **Report and recommendation**

Judge Bloom recommended that the Court deny the motion to remand. (R&R 1.) Judge Bloom concluded that removal was proper under 28 U.S.C. § 1442(a)(1), (*id.* at 3), noting that a "case removed under this statute falls within the federal court's jurisdiction as long as 'the removing defendant (1) is a federal agency or officer, or acted under the direction of one; (2) has a colorable federal defense; and (3) can establish a causal connection between the conduct in question and the federal directive," (*id.* at 4 (quoting *Donohue v. CBS Corp.*, No. 17-CV-7232, 2017 WL 5713222, at *2 (S.D.N.Y. Nov. 27, 2017))). Judge Bloom reasoned that because Plaintiffs "plead claims against a federal agency under a number of federal laws," and because Plaintiffs' "claims for declaratory and injunctive relief implicate BOEM's official authority," the requirements of section 1442(a)(1) are satisfied. (R&R 4.)

Judge Bloom rejected Walters' argument that section 1442(a)(1) does not apply here because it covers only suits relating to alleged conduct performed "under color of such office," noting that "[c]ourts have questioned how 'a federal agency — . . . as opposed to a federal official — can act in any way but 'under color' or 'officially.'" (*Id.* at 4 (alterations in original) (quoting *Moreland v. Van Buren GMC*, 93 F. Supp. 2d 346, 352 (E.D.N.Y. July 23, 1999)).) After noting the *Moreland* court's observation of the "'dearth of authority' regarding removal by a federal agency," (*id.* at 4 n.5 (quoting *Moreland*, 93 F. Supp. at 352)), Judge Bloom discussed the Sixth Circuit's decision, several years after *Moreland*, "analyz[ing] section 1442(a)(1) and its legislative history and [holding] that a federal agency can always remove under section

5

1442(a)(1) because the colorable defense requirement and the 'act under color of such office' appl[y] only to federal officers as opposed to the United States or Federal Agencies" (*id.* at 4–5 (citing *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389–91 (6th Cir. 20017))). Judge Bloom further noted that while the Second Circuit has not addressed the "act under color of such office" language in section 1442(a)(1), other districts have followed the Sixth Circuit holding in *City of Cookeville*. (*Id.* at 5 & n.6 (first citing *Jax Leasing, LLC v. Xiulu Ruan*, 359 F. Supp. 3d 1129 (S.D. Ala. 2019); and then citing *Cox v. Hegvet*, No. 08-CV-415, 2009 WL 1407009, at *4 (D. Idaho May 19, 2009)).)

### III. Discussion

#### a. Standards of review

##### i. Report and recommendation

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358, 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015). The clear error standard also applies when a party makes only conclusory or general objections. *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (holding that "general objection[s] [are] insufficient to obtain de novo review by [a] district court" (citations omitted)); *see* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific

6

written objections to the [magistrate judge's] proposed findings and recommendations."); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))).

### ii. Removal

A notice of removal must allege a proper basis for removal under 28 U.S.C. §§ 1441–1445. *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) ("In determining whether jurisdiction is proper, we look only to the jurisdictional facts alleged in the Notices of Removal."); *Bankhead v. New York*, No. 13-CV-3377, 2013 WL 6145776, at *1 (E.D.N.Y. Nov. 21, 2013) ("An effective petition for the removal of a state action to federal court must allege a proper basis for the removal under sections 1441 through 1445 of Title 28." (quoting *Negron v. New York*, No. 02-CV-1688, 2002 WL 1268001, at *1 (E.D.N.Y. Apr. 1, 2002))). The party seeking removal bears the burden of proving that the jurisdictional and procedural requirements have been met. *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper.").

### b. Objections to the R&R

Walters objects to Judge Bloom's recommendation that the Court deny the motion to remand. (*See generally* Pl. Obj.)

First, Walters objects to Judge Bloom's finding that removal was proper under section 1442(a)(1). (*Id.* at 3.) While she agrees that section 1442(a)(1) does not require that all Defendants join in or consent to removal, she argues that removal is improper under section 1442(a)(1) because "[i]t simply cannot be argued that an agency's failure to act is performance

7

of official duties with respect to the act being performed 'under color of' its official duties." (*Id.* at 5.) Walters further argues that BOEM "cannot . . . argue that an act which constituted performance of its official duties gave rise to the claim, while at the same time maintaining it does not have any duties to review or approve the Energy Center project."[3] (*Id.* at 6.) Walters argues that a federal agency seeking to remove a case to federal court under section 1442(a)(1) "must . . . connect the claims brought against them to the activities they performed under their official duties," and that BOEM has failed to do so. (*Id.* at 7.) Walters further argues that the Court should decline to follow the Sixth Circuit's decision in *City of Cookeville*, arguing that it is "neither in accord with the rules of statutory construction, nor with the congressional underlying intent for . . . [section 1442] as a special statute to protect the federal government's interest in performing federal duties." (*Id.* at 18.)

Next, Walters argues that because removal is improper under section 1442(a)(1), the Court must instead analyze removal here under section 1441(a).[4] (*Id.* at 9.) Walters "admits that . . . the claims contain issues of federal law which confer subject matter jurisdiction under [section] 1441(a)," (*id.* at 3), but argues that removal is still improper under section 1441(a) because the Defendants have not unanimously joined in or consented to removal, (*id.* at 5). Instead, the State Defendants "abstain[ed] from voting." (*Id.*) Walters proposes that BOEM be given "[ten] days to obtain such consent [from the State Defendants] in order to cure the defect," and that, if BOEM is unable to do so, the Court should remand the case. (*Id.* at 11.)

---

[3] Walters appears to rely on representations made by BOEM in a request for a pre-motion conference filed on September 10, 2019 (the "PMC Request"), stating, *inter alia*, that the Energy Education Center "project is not within BOEM's statutory jurisdiction," and thus BOEM lacks authority to regulate the project. (PMC Req. 3, Docket Entry No. 42; *see also* Pl. Obj. 8.)

[4] Judge Bloom did not address whether removal was proper under section 1441(a).

8

Finally, Walters argues that the Court should decline to exercise jurisdiction over Plaintiffs' state law claims because "[s]tate courts are much more familiar with state jurisprudence, especially on complex issues of state environmental law," and because "[s]tate agencies will claim immunity in [f]ederal court . . . but are very plainly subject to state environmental laws in state courts." (*Id.* at 3–4 & n.2.) Walters argues that the Court should "remand . . . [the state law claims], either separately, or with the whole of the action, to state court." (*Id.* at 4.)

### c. Removal under section 1442(a)(1)

Walters argues that removal is improper under section 1442(a)(1) because Plaintiffs do not allege any claims that a "[f]ederal [a]gency . . . under the 'color' of [its] office has performed an act which [it] do[es] not have the right to perform." (Pl. Mot. 3.) Walters further argues that "an agency's failure to act" cannot constitute "performance of official duties with respect to the act being performed 'under color of' its official duties." (Pl. Obj. 5.)

BOEM argues that the "act under color of such office" language in section 1442(a)(1) does not apply to federal agencies, and that, even if it does, that requirement is met here because BOEM's alleged conduct here "implicate[s]" its "official authority" and the "lawsuit implicates federal defenses." (BOEM Opp'n to Pl. Obj. 7–8.)

### i. Federal agency removal under section 1442(a)(1)

Under section 1442(a)(1), a civil action may be removed to federal court if it is:

> against or directed to . . . [t]he United States or any agency thereof or any officer (or any person acting under that office) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office. . . .

42 U.S.C. § 1442(a)(1); *Watson v. Phillip Morris Cos., Inc.*, 551 U.S. 142, 145 (2007). The current version of the statute reflects a 1996 amendment by Congress adding the language "[t]he

9

United States or any agency thereof," and reversing a Supreme Court decision holding that the prior version of the statute provided no basis for federal agencies to remove suits. *City of Cookeville*, 484 F.3d at 390 (citing *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 79–82 (1991)).

Since Congress amended the statute in 1996, there has been some disagreement as to what a federal agency must show to remove an action under section 1442(a)(1). In *City of Cookeville*, discussed by the parties and in the R&R, the Sixth Circuit held that under 1442(a)(1), a federal agency may always remove, merely by virtue of being a federal agency. *See* 484 F.3d at 390 ("[A] federal agency defendant may remove without more."); *see also id.* ("[The defendant] properly removed the action to the district court under § 1442(a)(1) because [the defendant] is a federal agency."). The court found that unlike with federal officers, who "'must raise a colorable federal defense and establish that the suit is "*for* a[n] act under color of office"'. . . the text and legislative history of § 1442(a)(1) demonstrate that any federal agency sued can always remove under § 1442(a)(1) because the 'sued' clause in that provision applies only to federal officers."[5] *Id.* at 388–89 (first alteration in original) (quoting *Jefferson Cty. v. Acker*, 527 U.S. 423, 432 (1999)). In reaching its holding, the court rejected the reading of the statute that "the three entities that can remove are (1) the United States; (2) any agency thereof; or (3) any officer of the United States or of any agency thereof; and that each of these entities must be sued

---

[5] At the time *City of Cookeville* was decided, section 1442(a)(1) contained the following language: "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, *sued* in an official or individual capacity for any act under color of such office." *See Jax Leasing, LLC v. Xiulu Ruan*, 359 F. Supp. 3d 1129, 1135 n.9 (S.D. Ala. 2019) (emphasis added) (quoting Pub. L. No. 104-317, § 206(a), 110 Stat. 3850). Thus, the discussions in the case law of the "sued" clause refer to the "under color of such office" language.

in an official or individual capacity for an act under color of such office." *Id.* at 389. The *City of Cookeville* court reasoned that it did "not make sense" to require federal agencies to meet the test applied to federal officers because federal agencies "are not 'sued in an official or individual capacity' and are not sued for an 'act under color of such office.'" *Id.* In addition, the court found that the legislative history of section 1442(a)(1) "provide[d] compelling confirmation" of its "independent reading of the text." *Id.* at 389–90. A number of district courts have since followed the Sixth Circuit's holding in *City of Cookeville*.[6]

BOEM asserts that the "Second Circuit does not appear to have decided the issue of whether the clause 'for or relating to any act under color of such office' in [s]ection 1442(a)(1) applies to federal agency removal." (BOEM Opp'n 4 n.2.) After surveying the Second Circuit case law,[7] the Court assumes, without deciding, that the "under color of such office" language

---

[6] *See Jax Leasing, LLC*, 359 F. Supp. 3d 1129; *City of Orlando v. Assoc. Press*, No. 16-CV-1169, 2016 WL 4473185 (M.D. Fla. Aug. 25, 2016); *In re Estate of Wisler*, No. 15-CV-01748, 2016 WL 305179 (S.D. Ind. Jan. 25, 2016); *Smith v. Hous. Auth. of Balt. City*, No. 10-CV-1806, 2011 WL 232006 (D. Md. Jan. 24, 2011); *Vill. of Wheeling v. Fragassi*, No. 09-CV-3124, 2010 WL 3087462 (N.D. Ill. Aug. 2, 2010); *Cox v. Hegvet*, No. 08-CV-415, 2009 WL 1407009 (D. Idaho May 19, 2009).

[7] The Court has not identified any Second Circuit authority squarely addressing the issue, but notes that there are a few cases that seem to suggest, without explicitly holding, that the "under color of office" language section 1442(a)(1) does apply to federal agencies. In *Parker v. Della Rocca*, 252 F.3d 663 (2d Cir. 2001), the Second Circuit expressly declined to consider whether the requirement that there must exist "some federal question implicated either in the claim or by way of a defense" in order for a federal officer to remove under section 1442(a)(1) applied to federal agencies. 252 F.3d at 665 n.2 (quoting *Mizuna, Ltd. v. Crossland Fed. Sav. Bank*, 90 F.3d 650, 655 (2d Cir. 1996)). In *Veneruso v. Mount Vernon Neighborhood Health Center*, 586 F. App'x 604 (2d Cir. 2014), the Second Circuit appeared to endorse, without any further discussion, the very reading of the statute rejected by the Sixth Circuit in *City of Cookeville*, describing section 1442(a)(1) as providing that

> a defendant in a civil action filed in state court may remove the action to federal court if the defendant is "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof," and the action

11

applies to federal agencies, and finds, for the reasons discussed below, that BOEM has properly removed the action under section 1442(a)(1).

### ii. Removal is proper under section 1442(a)(1)

A defendant seeking to "show that the acts complained of . . . were taken 'under color of [federal] office'" must satisfy what "has come to be known as the causation requirement." *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 138 (2d Cir. 2008) (first alteration in original) (quoting 28 U.S.C. § 1442(a)(1)). Courts afford "broad interpretation" to this requirement that "that there be a causal connection between [a defendant's] federal duties and the conduct for which they are being sued." *Id.* at 138. In addition to satisfying the causation requirement, a defendant "must raise a colorable federal defense,"[8] though "[c]ourts have imposed few limitations on what qualifies as a colorable federal defense." *Id.* at 138. "[T]he defense prong requires that the defendant raise a claim that is 'defensive' and 'based in federal law,'" and that

---

against the defendant is "for or relat[es] to any act under color of such office."

*Veneruso*, 586 F. App'x at 607. In *Cohen v. Postal Holdings, LLC*, 873 F.3d 394 (2d Cir. 2017), the Second Circuit again appeared to interpret the statute as applying the "under color of office" language to federal agencies, noting that section 1442(a)(1) "authorizes removal from state court by '[t]he United States or any agency thereof . . . [sued] in an official or individual capacity, for or relating to any act under color of such office.'" *Id.* at 397 n.3 (alterations in original) (quoting 28 U.S.C. § 1442(a)(1)). However, section 1442(a)(1) was not at issue in the case, and there was no further discussion of the statute other than the observation that the federal officer removal statute "is an exception to the well-pleaded complaint rule." *Id.* (internal quotation marks omitted) (quoting *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 644 n.12 (2006)).

[8] Although not in the text of section 1442(a)(1), the Supreme Court has found, in the context of federal officer removal under the statute, that the colorable federal defense requirement is a "pre-existing requirement" that Congress "intended to preserve" in enacting the "under color of [such] office" language in section 1442(a)(1). *Mesa v. California*, 489 U.S. 121, 134–35 (1989); *see also Jax Leasing*, *LLC*, 359 F. Supp. 3d at 1135 ("The 'colorable federal defense' requirement, which does not appear in the text of Section 1442(a), was identified by the *Mesa* Court as flowing directly from the 'act under color of such office' statutory language." (alteration in original) (citing *Mesa*, 489 U.S. at 125, 134)).

the defense "arise out of the party's official duties." *Id.* (first quoting *Mesa*, 489 U.S. at 129–30; and then quoting *Arizona v. Maypenny*, 451 U.S. 232, 241 (1981)).

Even assuming that the "under color of office" language applies to federal agencies, the Court finds that BOEM has satisfied the requirements for removal under section 1442(a)(1).

First, BOEM is a federal agency. (Am. Notice of Removal ¶ 6.) Second, BOEM has demonstrated that there is a causal connection between the alleged conduct for which it is being sued and its federal duties. As the Amended Notice of Removal notes, Plaintiffs' allegations against BOEM include that federal law required BOEM to make a determination regarding the impact of the contested Energy Education Center, and that BOEM "either failed to follow these regulations when it made the determination, or failed to make a determination . . . [or] [a]lternatively," made a determination that "was contrary to the facts." (*Id.* ¶ 7 (alterations omitted) (quoting Compl. ¶ 419).) The Amended Notice of Removal further notes that the "relief [Plaintiffs] demand against BOEM includes, 'nullification of the determination that the Energy Center will have no effect on cultural properties,'" or alternatively, an order "compelling BOEM to make a determination" regarding the impact of the Energy Education Center, "with public input, based on current project plans." (*Id.* ¶ 8 (quoting Compl. ¶ 417).) As Plaintiffs' allegations against BOEM, a federal agency, concern its alleged failure to comply with its duties under federal law, there is a clear causal connection between the conduct for which BOEM is being sued and its federal duties.

Third, BOEM has raised a colorable federal defense. Courts have found that the "federal defense requirement is satisfied in 'all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law.'" *Isaacson*, 517 F.3d at 139 (quoting *Willingham v. Morgan*, 395 U.S. 402, 406–07 (1969)). BOEM argues that the Energy Education Center

"project is not within BOEM's statutory jurisdiction" and thus BOEM lacks authority to regulate the project. (PMC Req. 3.) Because a defendant can satisfy the federal defense requirement "by defending on the basis that federal law did not impose any such duty," *Isaacson*, 517 F.3d at 139 (citing *Mesa*, 489 U.S. at 129–30), the Court finds that BOEM has raised a colorable federal defense.

Accordingly, the Court finds that removal is proper under section 1442(a)(1).[9]

## IV. Conclusion

For the foregoing reasons, the Court adopts the R&R and denies the motion to remand.[10]

Dated: March 10, 2020
      Brooklyn, New York

SO ORDERED:

        s/ MKB
MARGO K. BRODIE
United States District Judge

---

[9] Because the Court finds that the Amended Notice of Removal sets forth a sufficient factual basis for removal under section 1442(a)(1), the Court finds that BOEM's failure to explicitly invoke section 1442(a)(1) in the Amended Notice of Removal does not preclude the Court from finding removal proper under that section. *See, e.g.*, *Harlem River Produce Co. v. Aetna Cas. & Sur.*, 257 F. Supp. 160, 164 (S.D.N.Y. 1965) ("Although it is the usual practice to cite the specific section of the United States Code under which an action is removed, it does not appear to be a requirement of Section 1446(a), which sets forth what a petition of removal should contain. Failure to cite the section under which removal is sought is not a fatal defect, and at most is a technical defect where an adequate factual basis for removal is set forth.").

[10] Walters argues that the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims (none of which pertain to BOEM) and remand those claims, either on their own or with the federal claims, to state court. Because the Court finds that removal was proper and the state law claims are not otherwise at issue on the motion to remand, as the State Defendants declined to take a position on it, the Court declines to address this argument. The Court notes, however, that while BOEM is the only federal defendant in this action, the majority of Plaintiffs' claims arise under federal law.