UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
HERBERT H. JURIST, SUSAN JOHNSON,
DONALD POWERS, ALENA WALTERS, LINDA
JURIST, ROBERT SLAWSKI, AND STEVE WALTER,

                                                                                         C.A. 2:19-cv-3762(MKB)(LB)

                              Plaintiffs,

                -against-

THE LONG ISLAND POWER AUTHORITY, THE
POWER AUTHORITY OF THE STATE OF NEW YORK,
ERIK KULLESEID COMMISSIONER OF THE NEW
YORK STATE OFFICE OF PARKS RECREATION AND
HISTORIC PRESERVATION, THE NEW YORK STATE
OFFICE OF PARKS RECREATION AND HISTORIC
PRESERVATION, THE NEW YORK STATE
DEPARTMENT OF ENVIRONMENTAL
CONSERVATION ("NYS DEC"), BASIL SEGGOS
COMMISSIONER OF NYS DEC, THE BUREAU OF
OCEAN ENERGY MANAGEMENT, THE NEW YORK
STATE DEPARTMENT OF STATE, THE NEW YORK
STATE ENERGY RESEARCH AND DEVELOPMENT
AUTHORITY,

                              Defendants.
------------------------------------------------------------------------x


MEMORANDUM OF LAW IN SUPPORT
OF MOTION BY DEFENDANT
POWER AUTHORITY OF THE STATE OF NEW YORK


                                               JUSTIN E. DRISCOLL, ESQ.
                                               Executive Vice President and General
                                                Counsel for the Defendant
                                               Power Authority of the State of New York
                                               123 Main Street
                                               White Plains, NY 10601
                                               (914) 681-6200


Of Counsel:
Eileen P. Flynn

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................... 1

ARGUMENT ................................................................................................................................ 3

POINT I

    NO PERSONAL JURISDICTION DUE TO INSUFFICIENT SERVICE OF PROCESS ................................................................ 3

POINT II

    PLAINTIFFS HAVE NO STANDING TO ASSERT ANY CLAIMS AGAINST NYPA ............................................................................... 5

POINT III

    PLAINTIFFS' CLAIMS BARRED BY STATUTE OF LIMITATIONS ............................................................................................ 8

POINT IV

    PLAINTIFFS FAIL TO STATE A CLAIM AGAINST NYPA ........................................ 9

    A. Public Nuisance under New York Law ........................................................ 10
    B. Breach of Public Land Trust - Parkland Alienation ..................................... 10
    C. Federal Environmental Claims Against NYPA ........................................... 11

POINT V

    COMPLAINT IS INSUFFICIENT UNDER FRCP 8 ....................................................... 13

POINT VI

    NYPA INCORPORATES AND ADOPTS ALL ARGUMENTS RAISED BY ITS CO-DEFENDANTS ........................................................... 13

CONCLUSION ........................................................................................................................... 14

## TABLE OF AUTHORITIES

## FEDERAL CASES

**Page**

Alexander v. Sandoval,
   532 U.S. 275 (2001) ............................................................................................................. 12

Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,
   369 F.3d 212 (2d Cir. 2004) .............................................................................................. 8, 10

Borough of Avalon v. U.S. Army Corps of Engineers,
   No. CV 16-8057, 2017 WL 3917138 (D. N.J. Sept. 7, 2017) ................................................ 7

Brodsky v. U.S. Nuclear Regulatory Com'n,
   704 F.3d 113 (2d Cir. 2013) ................................................................................................. 12

Friends of Coral Bay v. Reliance Housing Foundation, Inc.,
   No. CV 2007-20, 2008 WL 467391 (Virgin Islands, Feb. 1, 2008) ...................................... 7

George v. N.Y.C. Dep't of City Planning,
   436 F.3d 102 (2d Cir. 2006) ................................................................................................. 12

George v. Prof'l Disposables Int'l, Inc.,
   221 F. Supp. 3d 428 (S.D.N.Y. 2016) .................................................................................... 4

Ghartey v. St. John's Queens Hosp.,
   869 F.2d 160 (2d Cir. 1989) ................................................................................................... 8

Hagy v. Demers & Adams,
   882 F.3d 616 (6th Cir. 2018) .................................................................................................. 6

Ingrassia v. County of Sullivan,
   262 F. Supp. 2d 116 (S.D.N.Y. 2003) .................................................................................... 9

Jenkins v. National Grid USA Service Co.,
   No. 15-CV-1219, 2017 WL 4250511 (E.D.N.Y. September 22, 2017)
   quoting Spokeo, Inc. v. Robbins, __ U.S. __, 136 S. Ct 1540, 194 L. Ed. 635 (2016) ...... 5, 6

Lakes & Parks All. of Minneapolis v. Fed. Transit Admin.,
   928 F.3d 759 (8th Cir. 2019) ............................................................................................... 12

NAACP v. AcuSport, Inc.,
   271 F. Supp. 2d 435 (E.D.N.Y. 2003) ................................................................................. 10

Salahuddin v. Cuomo,
    861 F.2d 40 (S.D.N.Y. 1988) .................................................................................13

Sierra Club v. U.S. Army Corps of Engineers,
    701 F.2d 1011 (2d Cir. 1983) .................................................................................12

United States v. City of New York,
    96 F. Supp. 2d 195 (E.D.N.Y. 2000) ......................................................................11

United States v. Hays,
    515 U.S. 737 (1995) .................................................................................................7

Yusim v. United States Dep't of Housing & Urban Dev.,
    409 F. Supp. 3d 125 (E.D.N.Y. 2018) ......................................................................5

### STATE CASES

Best Payphones, Inc. v. Dep't of Information Tech. & Telecomms. of the City of N.Y.,
    5 N.Y.3d 30 (2005) ...............................................................................................8, 9

King v. Power Auth. of the State of N.Y.,
    60 A.D.2d 925 (3d Dep't 1978) ................................................................................4

Niagara Preserv. Coalition, Inc. v. New York Power Auth.,
    121 A.D.3d 1507, (4th Dep't 2014)
    leave to appeal denied, 124 A.D.3d 1419 (4th Dep't 2015) ...............................10, 11

### STATUTES and RULES

42 U.S.C.A. § 4332 ..........................................................................................................12

N.Y. C.P.L.R. § 217(1) ................................................................................................. 8, 9

N.Y. C.P.L.R. § 311 ...........................................................................................................4

N.Y. C.P.L.R. § 312-a .......................................................................................................4

N.Y. C.P.L.R. § 403(c) .....................................................................................................4

N.Y. C.P.L.R. § 7804(f) ..................................................................................................14

N.Y. Pub. Auth. Law §§ 1000-1017 .................................................................................2

N.Y. Pub. Auth. Law § 1002 ............................................................................................4

N.Y. Pub. Auth. Law § 1005(17)(a) .................................................................................2

Fed. R. Civ. P. 8 ................................................................................................................1, 14

Fed. R. Civ. P. 8(a)(2) ..........................................................................................................13

Fed. R. Civ. P. 8(a)(3) ..........................................................................................................13

Fed. R. Civ. P. 12(b)(1) ...............................................................................................1, 5, 14

Fed. R. Civ. P. 12(b)(1)(6) ......................................................................................................8

Fed. R. Civ. P. 12(b)(5) ...............................................................................................1, 4, 14

Fed. R. Civ. P. 12(b)(6) ...............................................................................................1, 9, 14

**PRELIMINARY STATEMENT**

Defendant Power Authority of the State of New York ("NYPA") submits this memorandum in support of its motion to dismiss the verified petition and complaint ("complaint") in its entirety. Plaintiffs, who appear *pro se*, failed to properly serve NYPA, fail to demonstrate that they have standing to pursue any of the claims asserted, are barred from pursuing their claim challenging NYPA's Board due to the applicable four-month statute of limitations, fail to state a cause of action and fail to proffer a complaint that meets the required basic pleading requirements. For these reasons, NYPA, along with its other co-defendants, moves that the complaint be dismissed pursuant to Rules 8 and 12(b)(1), 12 (b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.

**STATEMENT OF FACTS**

On June 3, 2019, plaintiffs commenced an action in the Supreme Court, Nassau County by filing a 191-page pleading containing sixteen unnumbered causes of action against seven separate public entities, including NYPA.

Simply stated, plaintiffs challenge on numerous grounds the construction of the Jones Beach Energy and Nature Center ("Energy Center") by Defendant New York State Office of Parks, Recreation and Historic Preservation ("Parks") to be located in a parking lot at Jones Beach State Park in Wantagh, New York. Plaintiffs also challenge the designation by Parks of a new park preservation area. In addition, without any support, plaintiffs seemingly challenge the award of a contract, not yet made at the time of filing, by Defendant New York State Energy Research and Development Authority ("NYSERDA") and claim, again without any support, that the construction of the Energy Center and the designation of the park preservation area is part of

a larger conspiracy to bring an operations and maintenance facility and/or offshore wind facilities to Jones Beach.

NYPA

NYPA is a corporate municipal instrumentality and political subdivision of the State of New York, operating pursuant to New York Public Authorities Law ("PAL") §§ 1000-1017. NYPA generates, transmits, and sells electric power and energy, principally at wholesale. NYPA is one of New York State's leading suppliers of electricity, operating 16 generating facilities and more than 1,400 circuit-miles of transmission lines. NYPA finances its operations through the sale of bonds and revenues earned largely through the sale of electricity. NYPA does not use New York State tax money or state credit.

NYPA's Funding of the Jones Beach Energy and Nature Center

On December 11, 2018, NYPA's Board of Trustees authorized the funding of $3 million for the development of the Jones Beach Energy and Nature Center. See Declaration of Eileen P. Flynn, dated May 29, 2020, ("Flynn Dec."), Exhibit F. Pursuant to PAL § 1005(17)(a), NYPA may "finance and design, develop, construct, implement, provide and administer energy-related projects, programs and services for any public entity … within the state." Finding that the Energy Center "will be designed to be an energy efficient and high performance and sustainable building" and noting that NYPA consented to Parks being the lead agency for environmental review, the Board approved the funding, originating from NYPA's Operating Fund, and authorized NYPA officers:

> to do any and all things, take any and all actions and execute and deliver any and all agreements, certificates and other documents to effectuate the foregoing resolution, subject to the approval of the form thereof by the Executive Vice President and General Counsel.

Flynn Dec. Exhibit F, pp 1-2[1].

Plaintiffs' Claims Against NYPA

Plaintiffs seemingly assert six separate causes of action against NYPA. A copy of the complaint is attached to the Flynn Declaration as Exhibit A ("Complaint"). Specifically, plaintiffs allege that NYPA's Board of Trustees violated SEQRA when they approved $3M funding to Parks for the Energy Center in December 2018 prior to the completion of the Parks' SEQR review. Complaint ¶¶ 181-193. In addition, plaintiffs assert NYPA, along with the other respondents, violated the Coastal Barrier Resource Act ("CBRA") [Complaint ¶¶ 194-235], breached the Public Land Trust [Complaint ¶¶ 236-261], violated the Coastal Zone Management Act ("CZMA") [Complaint ¶¶ 262-281], violated the National Environmental Policy Act ("NEPA") [Complaint ¶¶ 282-351], and helped to create a public nuisance [Complaint ¶¶ 431-457].

On June 27, 2019, this action was removed to the federal court. NYPA, along with the other Defendants, now move to dismiss this action on the following grounds: insufficient service of process, lack of standing, statute of limitations, a failure to state a cause of action, and a failure to proffer a proper pleading.

## ARGUMENT

### POINT I

### NO PERSONAL JURISDICTION DUE TO INSUFFICIENT SERVICE OF PROCESS

---

[1] After Parks completed its environmental review and determined that the Energy Center Project would not result in significant environmental impacts on the environment and invoiced NYPA, NYPA issued a $3M check to the New York State Commissioner of Tax and Finance for the benefit of Parks.

NYPA moves to dismiss the complaint on the basis that plaintiffs did not properly serve the complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

On a Rule 12(b)(5) motion to dismiss of insufficient service of process, a "'"court must look[] to matters outside the complaint to determine whether it has jurisdiction."'" George v. Prof'l Disposables Int'l, Inc., 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (internal citation omitted). Once a defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiffs to show adequacy of service. Id.

In order to properly commence a hybrid proceeding against NYPA, plaintiffs must personally serve the summons and notice along with verified petition and complaint upon NYPA. Complaint ¶ 1; CPLR 311; CPLR § 403(c) ("A notice of petition shall be served in the same manner as a summons in an action").

Plaintiffs, by their own affidavits, simply mailed the verified petition and complaint to NYPA's General Counsel by certified mail. Flynn Dec., Exhibit B. Such action was insufficient to establish personal jurisdiction against NYPA, a public authority autonomous from the State of New York, and as such, constitutes insufficient service of process. See Public Authorities Law § 1002. CPLR § 312-a provides for personal service by mail as an alternative to personal service but requires a plaintiff to include two separate forms as prescribed by statute, including an acknowledgement of service which would be used by a plaintiff as proof of service upon a defendant. Plaintiffs did not comply with this statute.

Plaintiffs' personal service upon the New York State Attorney General's Office also does not establish appropriate service upon NYPA. See Flynn Dec., Exhibit C; King v. Power Authority of the State of New York, 60 A.D.2d 925 (3d Dep't 1978) (Service upon the Attorney General, not NYPA, was insufficient, and the matter was dismissed).

As such, the complaint must be dismissed as against NYPA pursuant to Rule 12(b)(5)[2] of the Federal Rules of Civil Procedure.

POINT II

<u>PLAINTIFFS HAVE NO STANDING TO ASSERT ANY CLAIMS AGAINST NYPA</u>

In the sprawling, 191 pages of the complaint, plaintiffs fail to assert how they are specifically and particularly injured by the construction of the Energy Center, and therefore, plaintiffs have no standing to maintain any of their claims. Since plaintiffs have no standing, the complaint must be dismissed pursuant to Rule 12(b)(1).

The standard of review for motions under Rule 12(b)(1) require that the Court "'must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." <u>Yusim v. United States Dep't of Housing and Urban Dev.</u>, 409 F.Supp.3d 125, 128 (E.D.N.Y. 2018) (internal citations omitted). A case is properly dismissed when the court lacks the statutory or constitutional power to adjudicate it. <u>Id.</u>

This Court lacks subject matter jurisdiction over plaintiffs' claims because plaintiffs have not facially demonstrated in its pleading that they have been or will be injured. To demonstrate standing for an Article III case or controversy, "a plaintiff must show that: '(1) [he] suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" <u>Jenkins v. National Grid USA Service Company, Inc.</u>, No. 15-CV-1219 (JS)(GRB), 2017 WL 4250511, at * 3 (E.D.N.Y. September 22, 2017) quoting <u>Spokeo, Inc. v. Robbins</u>, __ U.S. __, 136 S. Ct 1540, 1547, 194 L. Ed. 635 (2016).

---

[2] Plaintiffs amended their notice of petition and served that amended notice in the same manner as their original notice. Namely, plaintiffs simply mailed the amended notice to NYPA's General Counsel and personally served the NYS Attorney General. See Flynn Dec., Exhs. D and E.

- 5 -

In order to show an injury in fact, a plaintiff must show "he or she suffered 'an invasion of a legally protected interest' that is concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id., quoting Spokeo, 136 S. Ct. 1548.  Viewed through this framework, the complaint fails to establish plaintiffs have standing in any way since plaintiffs never once tell us how they, in particular, have or will be injured, and as such, all of plaintiffs' claims, including its state law claims[3] against NYPA, must be dismissed.  Hagy v. Demers & Adams, 882 F.3d 616 (6th Cir. 2018) (Article III standing requirements apply to state-law claims in federal court).

In 477 paragraphs, plaintiffs never once state how one or more of them will be specifically injured by the Energy Center construction.  This absence is remarkable considering the fact plaintiffs have a section at the end of the complaint entitled "Standing."  See Flynn Dec., Exhibit A, Complaint ("Complaint"), p. 191.  In that section, plaintiffs acknowledge that there is an injury in fact requirement to establish standing.  Plaintiffs themselves state that requirement is met if a party can adequately show that he or she has an aesthetic or recreational interest in a place, animal, or his or her interest is impaired by defendant's conduct.  Complaint ¶ 476.

Plaintiffs fail to offer any proof of a particular injury, let alone establish this requirement that they themselves acknowledge is essential to their lawsuit.  Plaintiffs do not tell us how and when they use the subject area and in what ways, if any, their uses of the subject area will be impacted by the construction of the Energy Center.  Instead, plaintiffs speak of the public's use of the beach and how unidentified patrons' use of the subject area may change or may be affected.  This failure is fatal to plaintiffs' entire lawsuit, and in particular, their claims against

---

[3] Plaintiffs' assert three state law claims against NYPA: NYPA's Board of Trustees violated SEQRA when they approved $3M funding to Parks for the Energy Center in December 2018; NYPA breached the Public Land Trust; and NYPA created a public nuisance.

- 6 -

NYPA. For example, plaintiffs claim "[p]ersons who use the field and persons who use the concrete platform (on which the existing building sits) will no longer be able to sprawl out in repose on it in beach chairs and lounge chairs; They will no longer be able to do this if the existing building is replaced with an Energy Center." Complaint ¶ 45. See also ¶ 78 ("Outdoor trainings will disrupt the tranquil serenity petitioners and visitors of this area of the park once had."), ¶ 86 ("The views of the landscape from the only remaining area of the field to which the project relinquishes the general public (members of the public not attending the Energy center) will be diminished by the loss of the feeling of being out in the open and surrounded by nature.") These overly generalized, entirely speculative claims do not establish standing and cannot be used to maintain an action against NYPA in a federal court. United States v. Hays, 515 U.S. 737, 743 (1995) ("we have repeatedly refused to recognize a generalized grievance against allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial power").

General claims of harm or injury have been rejected by Courts where plaintiffs raised similar claims to plaintiffs. Borough of Avalon v. U.S. Army Corps of Engineers, No. CV 16-8057(JBS)(KMW), 2017 WL 3917138, at 5 (D. N.J. Sept. 7, 2017) (Plaintiff has no standing to claim a violation of the Coastal Barrier Resource Act where Plaintiff harms are general and not concrete); Friends of Coral Bay v. Reliance Housing Foundation, Inc., No. CV 2007-20, 2008 WL 467391 at *3 (Virgin Islands, Feb. 1, 2008) (Plaintiffs, who alleged a violation of the Coastal Zone Management Act, had no standing because they did state how they had been adversely affected despite identifying aesthetic and recreation interest in the subject area).

Since plaintiffs cannot identify how they have suffered or will suffer a particularized injury by the construction of the Energy Center, their complaint must be dismissed.

POINT III

PLAINTIFFS' CLAIMS BARRED BY STATUTE OF LIMITATIONS

In their only direct claim solely against NYPA, arising under state law, plaintiffs challenge as improper the December 11, 2018 approval by NYPA's Board of Trustees of $3M funding to Parks for construction of the Energy Center by the NYPA Board.  Complaint ¶¶ 181-193.  That challenge, however, is time barred by the four-month statute of limitations, and as such, that portion of the complaint must be dismissed pursuant to Rule 12(b)(1)(6).  CPLR § 217(1) (four-months statute of limitations for Article 78 proceedings); Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) ("In ruling on the sufficiency of the complaint, we must accept as true the allegations contained in the complaint and draw all reasonable inferences in favor of the nonmoving party. ... Our review is generally limited to the facts and allegations that are contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits") (internal citations omitted); Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss.  Such motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim").

Plaintiffs allege that on December 11, 2018 NYPA's Board violated SEQR by approving the $3M funding of the Project because an environmental review was not yet completed.  See Complaint ¶ 183.  To properly challenge NYPA's Board decision, plaintiffs should have commenced an action by April 11, 2018.  CPLR § 217(1); Best Payphones, Inc. v. Dep't of Information Tech. & Telecomms. of the City of N.Y., 5 N.Y.3d 30, 34 (2005) ("An article 78

proceeding must be brought 'within four months after the determination to be reviewed becomes final and binding upon the petitioner'"). Instead, plaintiffs waited until June 3, 2019 to commence an action challenging that funding approval. Plaintiffs are simply two months too late. Id. ("A strong public policy underlies the abbreviated statutory time frame: the operation of government agencies should not be unnecessarily clouded by potential litigation").

The NYPA Board approved the funding on December 11, 2018 and authorized NYPA officers to take appropriate action to effectuate that funding. Id. Plaintiffs, themselves, expressly state that they are challenging that December 11, 2018 Board decision. Complaint ¶ 181 ("[Plaintiffs] bring this action against NYPA under SEQRA, as a challenge to the legality of the authorization it made when it funded the Energy Center); ¶ 193 ("request that the December 11, 2018 NYPA resolution authorizing funding…be rendered null and void"). The time period to challenge the December 11, 2018 NYPA Board resolution expired on April 11, 2018, and as such, Plaintiff's cause of action seeking to challenge that funding resolution should be dismissed. Ingrassia v. County of Sullivan, 262 F. Supp. 2d 116, 121 (S.D.N.Y 2003) (Court dismisses plaintiff's breach of contract claim, a disguised Article 78 proceeding, challenging her termination as time barred).

As such, this Court should exercise its supplemental jurisdiction and dismiss this cause of action as time barred pursuant to Rule 12(b)(6) and CPLR § 217(1).

POINT IV

PLAINTIFFS FAIL TO STATE A CLAIM AGAINST NYPA

Plaintiffs' complaint also fails to state a claim against NYPA for public land trust, public nuisance and federal environmental claims. Rule 12(b)(6); Blue Tree Hotels Inv. (Canada), Ltd., 369 F.3d at 217 (2d Cir. 2004) ("In ruling on the sufficiency of the complaint, we must accept as

true the allegations contained in the complaint and draw all reasonable inferences in favor of the nonmoving party").

  A. <u>Public Nuisance under New York Law</u>

Plaintiffs cannot maintain a claim for public nuisance under New York State Law. Complaint ¶¶ 432-457. A plaintiff must prove the following three elements: "(1) the existence of a public nuisance - a substantial interference with a right common to the public; (2) negligent or intentional conduct or omissions by a defendant that create, contribute to, or maintain that public nuisance; and (3) particular harm suffered by plaintiff different in kind from that suffered by the community at large as a result of that public nuisance." NAACP v. AcuSport, Inc., 271 F. Supp. 2d 435, 448 (E.D.N.Y. 2003).

While NYPA disputes the characterization of the building of the Energy Center as a public nuisance, it is quite clear plaintiffs cannot prove the last element. Plaintiffs cannot establish that they have been injured at all, let alone establish that they have suffered a particular harm different in kind that that suffered by the community at large. For that reason, NYPA respectfully requests that this cause of action be dismissed. See Point II.

  B. <u>Breach of Public Land Trust – Parkland Alienation</u>

Plaintiffs' breach of public land trust and parkland alienation claim must also be dismissed. Here, plaintiffs seem to raise a common law doctrine that the Energy Center improperly alienates parkland. Complaint ¶¶ 236-261.

The parkland is improper for two reasons. First, the subject parkland, a state park, is not covered by this common law doctrine, only municipal parks. There is "no case law in New York applying the 'public trust' principle to state parks." *Niagara Preserv. Coalition, Inc. v. New York*

*Power Auth.*, 121 A.D.3d 1507, 1511 (4th Dep't 2014), leave to appeal denied, 124 A.D.3d 1419 (4th Dep't 2015).

Secondly, even if this Court were to find that this is parkland, this claim should be dismissed. In United States v. City of New York, 96 F. Supp. 2d 195, 204 (E.D.N.Y. 2000), the court rejected a claim for alienation of parkland where the challenged action, construction of a water treatment plant, did not result in the transfer of ownership, possession and control of the subject area and where there is no diminution of available parkland post-construction. The same result is compelled here. The construction of the Energy Center does not result in a change of ownership, possession and control of parkland and its construction, on a pre-existing parking lot, does not limit the area of available parkland post-construction.

This claim should be dismissed.

    C.    Federal Environmental Claims Against NYPA

Plaintiffs also assert four environmental claims against NYPA under federal law. Specifically, plaintiffs seemingly allege that NYPA violated the Coastal Barrier Resource Act ("CBRA") and the Coastal Zone Management Act ("CZMA"), and that NYPA violated the National Environmental Policy Act ("NEPA") by failing to obtain Defendant-Respondent Bureau of Ocean Energy Management's ("BOEM") review and otherwise violated NEPA. Complaint ¶¶ 194-235; 262-81; 282-297; and 416-31.

NYPA will not address the rank speculation contained in plaintiff's pleading regarding the alleged covert attempt by four separate state entities, including NYPA, to bring off-shore wind projects to Jones Beach by first building the Energy Center. Suffice it to say, plaintiffs

offer no actual support for their fantastical, wide-ranging conspiracy[4]. Regardless, plaintiffs' federal environmental causes of action fail to articulate a valid environmental claim against NYPA under the various cited federal statutes, and as such, these claims must be dismissed.

Plaintiffs cannot maintain a violation of the CZMA because that statute specifically does not create a private right of action that would allow plaintiffs' claim against NYPA. George v. N.Y.C. Dep't of City Planning, 436 F.3d 102, 104 (2d Cir. 2006) ("Coastal Zone Management Act creates no private right of action against city agencies"). NEPA also does not provide plaintiffs a private right of action[5]. Lakes & Parks All. of Minneapolis v. Fed. Transit Admin., 928 F.3d 759, 762 (8th Cir. 2019) ("The Eight Circuit, along with other circuits, has repeatedly held that NEPA's statutory text provides no right of action."); Brodsky v. U.S. Nuclear Regulatory Com'n, 704 F.3d 113, 119 (2d Cir. 2013) ("Because NEPA does not itself provide for judicial review, the APA [Administrative Procedure Act] controls");  Like the other federal environmental statutes cited by plaintiffs in its complaint, the CBRA also does not specifically allow for a private action, and as such, plaintiffs' claim under that action should be dismissed as well.  Alexander v. Sandoval, 532 U.S. 275, 290 (2001) (Where the statute explicitly contemplates public enforcement only, Court will assume Congress intended to preclude private enforcement).

These federal environmental claims should be dismissed as well.

---

[4] Since the filing of the complaint, NYSERDA has announced two off-shore wind projects:  none located at Jones Beach.

[5] NEPA does not impose any obligations on state entities, only federal entities. See 42 USCA § 4332; Sierra Club v. U.S. Army Corps of Engineers, 701 F.2d 1011, 1038 (2d Cir. 1983) ("legislative history of § 102(2)(D) indicates that Congress intended this provision to allow reliance on state entities only by federal agencies whose chief responsibility was funding, and that it consciously refrained from allowing such reliance by agencies whose primary function was determining whether a permit should be issued. Permitting decisions were viewed differently because they generally involve a greater degree of federal decisionmaking")

POINT V

COMPLAINT IS INSUFFICIENT UNDER FRCP 8

Despite its length, the complaint fails to meet the basic pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and as such, the complaint should be dismissed.

Federal complaints must provide a "short and plain statement of the claim[s]" and a "demand for the relief sought." Rule 8(a)(2) and (3). The "statement should be plain because the principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." Salahuddin v. Cuomo, 861 F.2d 40, 42 (S.D.N.Y. 1988). That Court further found that the statement should be short because "[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1281, at 365 (1969)." Id.

Plaintiffs utterly fail to meet this standard. Instead, plaintiffs offer 191 pages containing unnumbered causes of action, filled with numerous subheadings, the significance of which is unexplained, and mixes plaintiffs' rank speculation about future acts with past acts from which they claim some liability. NYPA is unfairly forced to surmise which claims are asserted against it and with what NYPA actions, if any, plaintiffs take issue. This is unfairly prejudicial to NYPA. Id. ("Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.").

The federal rules demand that defendants be made aware of the claims asserted and the facts upon which they are based, and under this standard, plaintiffs' complaint should be

dismissed pursuant to Rule 8 of the Federal Rules of Civil Procedure, or in the alternative, plaintiffs should be required to amend the complaint to satisfy this standard.

## POINT VI

### NYPA INCORPORATES AND ADOPTS ALL ARGUMENTS RAISED BY ITS CO-DEFENDANTS

NYPA incorporates and adopts all arguments raised by its co-defendants in their motions to dismiss.

### **CONCLUSION**

For the above stated reasons, it is respectfully requested that this Court enter an Order and Judgment pursuant to Rules 8, 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the complaint, with prejudice, against NYPA in its entirety, or alternatively, ordering plaintiffs to file an amended complaint and/or allowing NYPA to file an answer pursuant to CPLR 7804(f), and granting NYPA such other and further relief as the Court deems just and proper.

Dated: May 29, 2020

Respectfully submitted,

JUSTIN E. DRISCOLL, ESQ.
Executive Vice President
 and General Counsel for Defendant
Power Authority of the State of New York

By:*/s/ Eileen P. Flynn*
Eileen P. Flynn, Esq.
Principal Attorney II
New York Power Authority
123 Main Street
White Plains, New York 10601
Telephone (914) 390-8014
Facsimile (914) 390-8038
eileen.flynn@nypa.gov