UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
HERBERT H. JURIST, SUSAN JOHNSON,
DONALD POWERS, ALENA WALTERS, LINDA
JURIST, ROBERT SLAWSKI, AND STEVE WALTER,

                                                                              C.A. 2:19-cv-3762(MKB)(LB)

                 Plaintiffs,

        -against-

THE LONG ISLAND POWER AUTHORITY, THE
POWER AUTHORITY OF THE STATE OF NEW YORK,
ERIK KULLESEID COMMISSIONER OF THE NEW
YORK STATE OFFICE OF PARKS RECREATION AND
HISTORIC PRESERVATION, THE NEW YORK STATE
OFFICE OF PARKS RECREATION AND HISTORIC
PRESERVATION, THE NEW YORK STATE
DEPARTMENT OF ENVIRONMENTAL
CONSERVATION ("NYS DEC"), BASIL SEGGOS
COMMISSIONER OF NYS DEC, THE BUREAU OF
OCEAN ENERGY MANAGEMENT, THE NEW YORK
STATE DEPARTMENT OF STATE, THE NEW YORK
STATE ENERGY RESEARCH AND DEVELOPMENT
AUTHORITY,

                 Defendants.
---------------------------------------------------------------------x

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION BY DEFENDANT
POWER AUTHORITY OF THE STATE OF NEW YORK

                                               JUSTIN E. DRISCOLL, ESQ.
                                               Executive Vice President and General
                                                Counsel for the Defendant
                                               Power Authority of the State of New York
                                               123 Main Street
                                               White Plains, NY 10601
                                               (914) 681-6200

Of Counsel:
Eileen P. Flynn

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS ........................................................................................................... 1

ARGUMENT ................................................................................................................................ 1

POINT I

    NO PERSONAL JURISDICTION DUE TO
    INSUFFICIENT SERVICE OF PROCESS ................................................................... 1

POINT II

    PLAINTIFFS HAVE NO STANDING TO ASSERT ANY
    CLAIMS AGAINST NYPA .......................................................................................... 3

POINT III

    PLAINTIFFS' CLAIMS BARRED BY
    STATUTE OF LIMITATIONS ..................................................................................... 4

POINT IV

    PLAINTIFFS FAIL TO STATE A CLAIM AGAINST NYPA .................................... 6

    A. Public Nuisance under New York Law .................................................................... 6
    B. Breach of Public Land Trust - Parkland Alienation ................................................. 7
    C. Federal Environmental Claims Against NYPA ....................................................... 7

POINT V

    COMPLAINT IS INSUFFICIENT UNDER FRCP 8 ..................................................... 9

CONCLUSION ............................................................................................................................. 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

Bldg. & Const. Trades Council of Buffalo, New York & Vicinity v. Downtown Dev., Inc.,
  448 F.3d 138 (2d Cir. 2006) ............................................................................................. 4

NAACP v. AcuSport, Inc.,
  271 F. Supp. 2d 435 (E.D.N.Y. 2003) ........................................................................... 6, 7

United States v. City of New York,
  96 F. Supp. 2d 195 (E.D.N.Y. 2000) ................................................................................ 7

## STATE CASES

Bonacker Prop., LLC v. Vill. of E. Hampton Bd. of Trustees,
  168 A.D.3d 928, (2d Dep't)
  leave to appeal denied, 33 N.Y.3d 904 (2019) ................................................................. 8

Dobkin v. Chapman,
  21 N.Y.2d 490 (1968) ....................................................................................................... 2

Dwyer Agency of Mahopac, LLC v. Dring Holding Corp.,
  164 A.D.3d 1214 (2d Dep't 2018) .................................................................................... 3

Jackson v. Triborough Bridge & Tunnel Auth.,
  155 Misc. 2d 715 (New York Co. 1992) .......................................................................... 5

Maloney v. Ensign,
  43 A.D.2d 992 (4th Dep't 1974) ....................................................................................... 2

Matter of Joseph v. Fischer,
  2011 NY Slip Op. 33227 (U) (Franklin Co. September 21, 2011) ................................... 5

Niagara Preserv. Coalition, Inc. v. New York Power Auth.,
  121 A.D.3d 1507, (4th Dep't 2014)
  leave to appeal denied, 124 A.D.3d 1419 (4th Dep't 2015) ............................................. 7

Owners Committee on Electric Rates, Inc. v. Pub. Serv. Comm'n of New York,
  150 A.D.2d 45 (3d Dep't 1989) ........................................................................................ 5

Sch. Administrators Ass'n of New York State v. New York State Dep't of Civil Serv.,
  124 A.D.3d 1174 (3d Dep't 2015) .................................................................................... 5

Warburton v. Dep't of Correction Servs.,
 251 A.D.2d 831 (3d Dep't 1998) ............................................................................5

**STATUTES and RULES**

42 U.S.C.A. § 1349(a)(2) .............................................................................................8

42 U.S.C.A. § 1349(a)(6) .............................................................................................8

N.Y. C.P.L.R. § 217(1) ................................................................................................6

N.Y. C.P.L.R. § 306-a .................................................................................................3

N.Y. C.P.L.R. § 306-b .................................................................................................3

N.Y. C.P.L.R. § 311 ................................................................................................1, 3

N.Y. C.P.L.R. § 317 .....................................................................................................4

N.Y. C.P.L.R. § 7804(f) ...............................................................................................9

Fed. R. Civ. P. 8 .......................................................................................................1, 9

Fed. R. Civ. P. 12(b)(1) ............................................................................................1, 9

Fed. R. Civ. P. 12(b)(5) ............................................................................................1, 9

Fed. R. Civ. P. 12(b)(6) ............................................................................................1, 9

# PRELIMINARY STATEMENT

Defendant Power Authority of the State of New York ("NYPA") submits this memorandum in reply to plaintiffs' opposition and in further support of its motion to dismiss the verified petition and complaint ("complaint") in its entirety. As demonstrated earlier and amplified below, the complaint should be dismissed because plaintiffs failed to properly serve NYPA, fail to demonstrate that they have standing to pursue any of the claims asserted, are barred from pursuing their claim challenging NYPA's Board due to the applicable four-month statute of limitations, fail to state a cause of action and fail to proffer a complaint that meets the required basic pleading requirements. For these reasons, NYPA respectfully request that the complaint be dismissed pursuant to Rules 8 and 12(b)(1), 12 (b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.

# STATEMENT OF FACTS

The facts underlying NYPA's motion to dismiss where contained in NYPA's original motion papers and will not be repeated herein.

# ARGUMENT

## POINT I

### NO PERSONAL JURISDICTION DUE TO INSUFFICIENT SERVICE OF PROCESS

Plaintiffs admit that service upon NYPA did not comply with CPLR 311. Plaintiffs' Memorandum of Law in Support of Plaintiffs' Opposition to Defendant NYPA's Motion to Dismiss ("Pl. MOL."), filed August 15, 2020, p. 7. Instead, Plaintiffs seek to explain away that fatal deficiency, and NYPA respectfully submits that such explanations collapse under examination.

First, plaintiffs simply conclude that service was impracticable since Plaintiff Alena Walters called NYPA's General Counsel's office two times on "different occasions" to confirm NYPA's General Counsel's presence in NYPA's White Plains office, and since she was unable to confirm his presence, a process server was enlisted to send the initiating papers, specifically the notice of petition/summons and petition and complaint, via certified mail. Affidavit of Alena Walters, sworn to on July 27, 2020, ("Walters Aff.") ¶ 20; See also Pl. MOL"), p. 7. Respectfully, plaintiffs fail to satisfy the barest of attempts at personal service and fail to meet the threshold of impracticability of service.

In addition, plaintiffs acknowledge that alternative service (e.g., service via certified mail) requires court approval and cannot be unilaterally employed. P. MOL p. 7-8. Plaintiffs themselves cite CPLR 311 which, in relevant part, subdivision (b), states "[i]f service … is impracticable, service … may be made in such manner, and proof of service may take such form, as the court, upon motion without notice directs." Such prior court approval was never sought here, as plaintiffs acknowledge, and plaintiffs simply cannot substitute their own findings of impracticability and proper means of alternative service for court required determinations.

Plaintiffs' reliance on Dobkin v. Chapman, 21 N.Y.2d 490, (1968) and Maloney v. Ensign, 43 A.D.2d 992 (4th Dep't 1974) is misplaced. In both matters, the courts are reviewing whether the alternative service expressly directed by the lower court violated individual defendants' due process rights. These holdings do not offer any support to plaintiffs' unilateral conclusion that personal service was impractical and fashioning their own self-serving remedy for such alleged impracticability.

Similarly, plaintiffs' reliance on CPLR 317 is in error. CPLR 317 solely applies to default judgments. Specifically, the statute allows a defendant, "served with a summons other than by

2

personal delivery to him or to his agent" to vacate a default judgment upon proof to a court that, among other things, he or she did not "personally receive notice." The case cited on this point, Dwyer Agency of Mahopac, LLC v. Dring Holding Corp., 164 A.D.3d 1214 (2d Dep't 2018), interprets that statutory language and respectfully is irrelevant.

Lastly, plaintiffs insist that since they mailed eight separate items to NYPA that the sheer number of those mailings obviates their independent statutory obligation to properly serve NYPA and provide proof of such service. Pl. MOL p. 9. It does not. Plaintiffs also conveniently wish to shift their obligation to NYPA by citation to a presumption of evidence rule. Such a shift of responsibility is inappropriate when plaintiffs are required to properly serve and file a proof of such service within 120 days of the commencement of an action. CPLR 311, 306-a, and 306-b.

In the alternative, if this Court finds that service was insufficient, plaintiffs request that the Court grant them the opportunity to now serve pursuant to Rule 4(m) for "good cause shown." Pl MOL p. 11-12. NYPA respectfully submits that plaintiffs have failed to demonstrate good cause for insufficient service.

POINT II

PLAINTIFFS HAVE NO STANDING TO ASSERT ANY CLAIMS AGAINST NYPA

Plaintiffs oppose NYPA's motion on standing by pointing to various allegations in its complaint that they believe demonstrate they suffered an "injury in fact." See Pl. MOL pp. 17-21. Plaintiffs also seem to suggest that NYPA cannot raise plaintiffs' lack of standing since it took no position with respect to removal. Both arguments lack merit.

First, while plaintiffs take issue with NYPA's highlighted complaint allegations in its original motion papers, NYPA believes that plaintiffs' own highlighted allegations in opposition further demonstrate plaintiffs' failure to allege the specific, particularized harm required to establish standing. Rather, plaintiffs offer the complaint's allegations describing collective interests in the subject area and their shared alleged injuries. Such allegations are insufficient to establish standing[1].

NYPA had no obligation to object to removal to preserve its right to raise in a pre-answer motion plaintiffs' failure to establish standing[2]. NYPA's motion is proper, and plaintiffs have not demonstrated sufficient standing to maintain any claims against NYPA.

## POINT III
### PLAINTIFFS' CLAIMS BARRED BY STATUTE OF LIMITATIONS

In opposition to NYPA's motion to dismiss for their failure to timely challenge NYPA Board's December 11, 2018 funding determination, plaintiffs claim that their lack of individualized notice and their later notices of claim mitigate against dismissal. They are mistaken.

First, plaintiffs specifically challenge in its sole claim against NYPA the legality of NYPA's December 11, 2018 funding of the Energy Center[3]. See Pl MOL, pp. 1-2. Plaintiffs' complaint makes it clear that Plaintiffs assert that the funding determination itself violated SEQRA because it occurred prior to Defendant New York State Office of Parks, Recreation and

---

[1] An association bringing suit on behalf of its members must allege that one or more of its members has suffered a concrete and particularized injury, Bldg. & Const. Trades Council of Buffalo, New York & Vicinity v. Downtown Dev., Inc., 448 F.3d 138, 145 (2d Cir. 2006).
[2] NYPA does not believe that plaintiffs meet New York's test for standing either, since they cannot establish a specific injury in fact.
[3] NYPA does not address the substantive merits of Plaintiffs claim against NYPA that its December 11, 2018 funding of the Energy Center violates SEQRA. Rather, NYPA's motion to dismiss addresses procedural deficiencies that compel dismissal of Plaintiffs' complaint.

Historic Preservation ("Parks") SEQR determination. It is that funding determination that Plaintiffs challenge, and therefore, it is that determination which caused the injury that Plaintiffs seek to address in this cause of action, the proper accrual date. Plaintiffs cannot avoid that accrual date by citing to later events, such as PARKS SEQR determination (which they independently challenge in a separate cause of action) or their notices of claim to compel a different date of accrual. In fact, the notices specifically state that they are challenging that funding determination. See Exhibits 2 and 3 to Pl MOL – Item 66.

The four cases cited by plaintiffs involve agencies actions that are quasi-judicial, and therefore, courts have required the aggrieved parties receive actual notice of the agency's determination for purposes of statute of limitations[4]. Here, the funding determination of NYPA's Board was not quasi-judicial and actual notice of NYPA's funding determination is not required. Sch. Administrators Ass'n of New York State v. New York State Dep't of Civil Serv., 124 A.D.3d 1174, 1176-7 (3d Dep't 2015) ("context of quasi-legislative determinations such as the one at issue here, actual notice of the challenged determination is not required in order to start the statute of limitations clock; rather, the statute of limitations begins to run once the administrative agency's 'definitive position on the issue [becomes] readily ascertainable"). Here, plaintiffs knew in late 2018 of the planned Energy Center. Walters Aff. ¶ 1. NYPA's

---

[4] One involved a New York Public Service Commission determination of the method of savings that should be applied to investor-owned utility ratepayers (Owners Committee on Electric Rates, Inc. v. Pub. Serv. Comm'n of New York, 150 A.D.2d 45 (3d Dep't 1989), another involved an inmate's challenge to a determination that denied his request to work in a temporary work release program (Warburton v. Dep't of Correction Servs., 251 A.D.2d 831 (3d Dep't 1998), another inmate challenging the determination that he participate in drug treatment program (Matter of Joseph v. Fischer, 2011 NY Slip Op. 33227 (U), (Franklin Co. September 21, 2011), and termination of an employee covered by the Civil Service Law (Jackson v. Triborough Bridge & Tunnel Auth., 155 Misc. 2d 715 (New York Co. 1992).

involvement was known as early as November when Governor Cuomo announced the Energy Center and NYPA's involvement in a November 9, 2018 press release[5].

Plaintiffs conflate their notices of claim[6] for a mandamus to compel which is described in CPLR 217(1) in an unsuccessful effort to extend the accrual time for statute of limitations. In relevant part for plaintiffs' argument, CPLR 217(1) provides that "upon the demand of the petitioner or the person whom he represents, to perform its duty." The notices of claim do not identify a duty that NYPA must fulfill. These notices do not restart the statute of limitations and should be disregarded for such purposes.

Simply put, the statute of limitations for plaintiffs' claims against NYPA's December 11, 2018 funding determination began to run after that funding determination was made, and as such, this claim should be dismissed.

POINT IV

PLAINTIFFS FAIL TO STATE A CLAIM AGAINST NYPA

A. Public Nuisance under New York Law

In its opposition, plaintiffs point to its standing opposition as an argument against dismissal of this claim. To properly state a claim for a public nuisance, plaintiffs must establish that they "suffered a particular injury different in kind from that suffered by the community at large as a result of that public nuisance." NAACP v. AcuSport, Inc., 271 F. Supp. 2d 435, 448

---

[5] https://www.governor.ny.gov/news/governor-cuomo-announces-18-million-energy-and-nature-education-center-jones-beach-state-park
[6] The notice of claims were served under a statute that applies solely to the Metropolitan Commuter Transportation Authority, unrelated to NYPA.

(E.D.N.Y. 2003). Respectfully, plaintiffs fail to establish the requisite injury to maintain this action, and as such, this claim should be dismissed. See, Point II, infra.

B.  Breach of Public Land Trust – Parkland Alienation

Plaintiffs object that their park land alienation claim should be dismissed because such claims have only been applied to municipal parks and not state parks like Jones Beach. Plaintiffs arguments are not persuasive.

Plaintiffs claim that Niagara Preservation Coalition, Inc. v. NYPA, 121 A.D.3d 1507 (4th Dep't 2014) does not stand for the proposition that park alienation claims do not apply to state park land. Plaintiffs, however, cannot sidestep that the Court did explicitly find that petitioner failed to state a cause of action when Parks, without legislative action, decided to make "alterations … [which] constituted non-park purposes." Id. at 1511-12. The Court held that petitioner could not establish any illegality. Id. No different result is warranted here, and this claim should be dismissed.

Plaintiffs correctly point out that NYPA improperly relied on United States v. City of New York, 96 F. Supp. 2d 195, 204 (E.D.N.Y. 2000), for its secondary argument on this point. Therefore, NYPA rescinds that secondary argument for dismissal.

C.  Federal Environmental Claims Against NYPA

In response to NYPA's motion to dismiss the federal environmental claims, plaintiffs first state that it has a private right of action under the Outer Continental Shelf Lands Act[7], and

---

[7] Plaintiff seems to suggest that it has a claim under the Outer Continental Shelf Lands Act because NYPA's funding of the Energy Center includes "strategic cost-saving siting of high-voltage transmission lines through the park in and facilitation of the construction of other onshore infrastructure as well as onshore support facilities. " See Pl. MOL p. 30. There is simply no factual support for this claim. NYPA's purpose in funding the Energy Center was described in its December 11, 2018 Board Resolution

7

as such, plaintiffs claim that they are entitled to maintain a Coastal Zone Management Act claim against NYPA[8]. Specifically, plaintiffs cite as their authority the savings clause of that Act, located at 43 USCA § 1349 (a)(6), for its claimed private right of action. That language does not grant plaintiffs a private right or the right to seek Article 78 review of a federal entities' actions. Rather, it is the expression of Congressional intent not to infringe on any other remedy available to a plaintiff. In relevant part, the Outer Continental Shelf Land Act specifically provides that plaintiffs must exhaust their federal administrative remedies prior to commencing an action. See 43 USCA § 1349(a)(2). They have failed to exhaust such remedies and cannot maintain a claim against NYPA by using an alleged violation of this Act[9].

Plaintiffs next argue that its federal claims should survive dismissal because they are not asserting NYPA violated these federal laws but they instead merely seek Article 78 review[10]. However, in their complaint, Plaintiffs state that they are seeking declaratory and injunctive relief for violations of the CZMA and CBRA, and that is simply not just an Article 78 review. Complaint ¶ 1. Bonacker Prop., LLC v. Vill. of E. Hampton Bd. of Trustees, 168 A.D.3d 928, 932, 93 N.Y.S.3d 328, 333, leave to appeal denied, 33 N.Y.3d 904, 125 N.E.3d 156 (2019) ("separate procedural rules apply to those causes of action which are asserted pursuant to CPLR article 78, on the one hand, and those to recover damages and for declaratory relief, on the other hand. The Supreme Court may not employ the summary procedure applicable to a

---

[8] Plaintiffs also allege a private right of action under the Land and Water Conservation Act, but that cause of action was not pleaded against NYPA. Complaint ¶ 19.
[9] In a two-page submission labeled Appendix, plaintiffs apparently seek to amend their complaint to "construe the procedural violations of NYPA … to include, with respect to coastal policy, violations of the regulations implementing the provisions of the Waterfront Revitalization of Coast Areas and Inland Waterways Act" See Pl. Appendix, p1. To the extent the Court accepts this as a proper motion to amend the pleading, NYPA requests that these alleged references seeking to bolster its federal environmental claims be dismissed along with its federal environmental coastal claims as failing to state a cause of action.
[10] Plaintiffs clarify that NYPA is not the subject of its NEPA claim.

8

CPLR article 78 cause of action to dispose of causes of action to recover damages or seeking a declaratory judgment"). Plaintiffs cannot sidestep their own description to save these environmental claims from dismissal where there is not a private right of action.

## POINT V

### COMPLAINT IS INSUFFICIENT UNDER FRCP 8

Plaintiffs oppose NYPA's motion on the basis of Rule 8 by claiming that their complaint does meet the proper pleading requirements. It is probably unsurprising that NYPA disagrees with Plaintiffs' conclusion. NYPA reaffirms the arguments in its earlier memorandum of law and firmly believes that any objective reading of the complaint will find that it fails to meet those requirements.

## CONCLUSION

For the above stated reasons, it is respectfully requested that this Court enter an Order and Judgment pursuant to Rules 8, 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the complaint, with prejudice, against NYPA in its entirety, or alternatively, ordering plaintiffs to file an amended complaint and/or allowing NYPA to file an answer pursuant to CPLR 7804(f), and granting NYPA such other and further relief as the Court deems just and proper.

Dated: September 18, 2020

             Respectfully submitted,

             JUSTIN E. DRISCOLL, ESQ.
             Executive Vice President
             and General Counsel for Defendant
             Power Authority of the State of New York

By:*/s/ Eileen P. Flynn*
Eileen P. Flynn, Esq.
Principal Attorney II
New York Power Authority
123 Main Street
White Plains, New York 10601
Telephone (914) 390-8014
Facsimile (914) 390-8038
eileen.flynn@nypa.gov